# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

DOBBS & NEIDLE, P.C.,
a Michigan Professional Corporation,

    Plaintiff,

v.

EPIC MEDIA GROUP, INC.,
a Delaware Corporation,
AZOOGLE.COM, INC., a Delaware
Corporation and AZOOGLEADS US, INC.,
a Delaware corporation, both d/b/a
AZOOGLEADS.COM, INC., jointly
and severally,

    Defendants.

Case No.

Hon.

---

**DOBBS & NEIDLE, P.C.**
By: Gregory R. Neidle (P59273)
Daniel J. Ammon (P50923)
Attorney for Plaintiff
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531

---

## **COMPLAINT**

    DOBBS & NEIDLE, P.C., by its attorneys, for its Complaint against the Defendants, Epic Media Group, Inc. et al., alleges as follows:

### **PARTIES AND JURISDICTION**

   1. Dobbs & Neidle, P.C. is a Michigan professional corporation with its chief place of business in the City of Bingham Farms, County of Oakland, State of Michigan.

   2. Upon information and belief, Defendant, EPIC MEDIA GROUP, INC. is a Delaware

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

corporation with its Principal office or place of business in New York, New York.

3. Upon information and belief, Defendant AZOOGLEADS US, INC., is a Delaware Corporation with its principal place o business in New York, New York.

4. Upon information and belief, Defendant AZOOGLE.COM, INC., is a Delaware Corporation with its principal place of business in New York, New York. ("all collectively "Defendants").

5. This Court has subject matter jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, because, as set forth more fully below, this is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states.

6. This Court has personal jurisdiction over the Defendants and venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (b) and (c). A substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants regularly conduct business within this District and within the State of Michigan.

7. Defendants are also subject to the jurisdiction of this Court pursuant to Sections 600.711 and 600.715 of the Michigan Compiled Laws.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff incorporates by reference paragraphs 1 through 7 above as if fully set forth herein.

9. On April 12, 2011, Quicken Loans, Inc. filed a lawsuit against Defendants in the United States District Court for the Eastern District of Michigan, Case No. 2:11-cv-11567 (the "lawsuit").

10. Defendants retained Plaintiff and firm lawyers to provide legal services with regard to the lawsuit.

11. Throughout the course of the lawsuit, Defendants held out Plaintiff as its counsel; Plaintiff worked diligently and vigorously to represent Defendants and Defendants benefited from Plaintiff's services.

12. Plaintiff has performed all services under their agreement and satisfied all conditions precedent to performance to Defendants.

13. Defendants have failed and refused to perform under the agreement in that it has refused to honor the agreement by refusing and failing to pay the monies owed for all the services agreed upon.

## COUNT I

## BREACH OF CONTRACT

14. Plaintiff incorporates by reference paragraphs 1 through 13 above as if fully set forth herein.

15. Defendants contracted with Plaintiff law firm for legal services.

16. Plaintiff represented Defendants and Plaintiff has fully completed performance under the contract.

17. Plaintiff provided Defendants valuable legal services in the amount of $77,541.99, as of January 30. 2013. (**See Exhibit 1)**.

18. Defendants accepted valuable consideration in the form of legal services from Plaintiff with a fair market value of and a stated value of $77,541.99.

19. Defendants accepted total valuable consideration in the form of legal services from Plaintiff with a fair market value of and a stated value of $77,541.99.

20. Defendants have breached their obligation to Plaintiff by failing to pay for the total legal services rendered by Plaintiff.

21. As a result of Defendants' breach, Plaintiff has sustained damages in the amount of $77,541.99, plus interest, costs and attorney fees.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

3

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT II
## ACTION ON ACCOUNT STATED

22. Plaintiff incorporates by reference paragraphs 1 through 21 above as if fully set forth herein.

23. Defendants contracted with Plaintiff law firm for legal services under which Defendants promised to pay for said legal services.

24. Plaintiff has completed its performance under the agreement and Plaintiff has rendered an account stated in the amount of $77,541.99, to Defendants, but Defendants have failed to pay the same.  (**See Exhibit 1**).

25. The amount due and owing is supported by the attached affidavit.  **(Exhibit 1).**

26. Defendants are indebted to Plaintiff pursuant to M.C.L. §438.31 for interest of five percent from the date of invoice.

27. Plaintiff has demanded payment of the sum due and owing, but Defendants have failed to pay.

28. As a result of Defendants' wrongful refusal to render payment on the account, Plaintiff has been damaged as set forth in the preceding paragraphs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT III

## ACTION ON OPEN ACCOUNT

29. Plaintiff incorporates by reference paragraphs 1 through 28 above as if fully set forth

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

herein.

30. Defendants contracted with Plaintiff law firm for legal services under which Defendants promised to pay for said legal services.

31. Plaintiff has completed its performance under the agreement and Defendants have incurred charges on its account totaling $77,541.99, but to date Defendants have failed and refused to pay for these services.

32. Defendants are indebted to Plaintiff pursuant to M.C.L. §438.31 for interest of five percent from the date of invoice.

33. There is presently due and owing to Plaintiff, over and above all legal counter-claims, the sum of $77,541.99, and Plaintiff has demanded payment of the sum due and owing, but Defendants have failed and refused to pay.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT IV
## UNJUST ENRICHMENT

34. Plaintiff incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiff and Defendants entered into an agreement with Plaintiff to provide legal services.

36. Plaintiff has completed performance pursuant to this agreement.

37. Defendants have failed and refused to perform under said agreement in that Defendants have refused to honor the parties' agreement by refusing to pay the monies owed for all the services agreed upon in the amount of $77,541.99.

38. It would be inequitable for Defendants to retain this benefit without compensating

Plaintiff for the benefits received.

39. To avoid unjust enrichment, Plaintiff must be awarded damages in the amount of $77,541.99, exclusive of interest, costs and attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT V

## PROMISSORY ESTOPPEL

40. Plaintiff incorporates by reference paragraphs 1 through 39 above as if fully set forth herein.

41. This count is presented by way of alternative pleading in the event that the Court finds that no express contract existed between the parties.

42. Defendants made an actual, clear and definite promise to pay Plaintiff for legal services rendered.

43. Defendants reasonably expected to induce action of a definite and substantial character on the part of Plaintiff.

44. Defendants in fact induced Plaintiff to provide the aforementioned services in reliance on Defendants' promises to pay for same.

45. Defendants have failed to properly compensate Plaintiff pursuant to the parties' agreement.

46. Defendants' promises must be enforced if injustice is to be avoided.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT VI

## QUANTUM MERUIT/VALEBANT

47. Plaintiff incorporates by reference paragraphs 1 through 46 above as if fully set forth herein.

48. This count is presented by way of alternative pleading in the event that the Court finds that no express contract existed between the parties.

49. Defendants obtained legal services provided by Plaintiff and benefited from the actions and services of Plaintiff as more fully set forth above.

50. Defendants have failed to compensate Plaintiff for the aforementioned services.

51. Under the theory of quantum meruit and quantum valebant, Plaintiff is entitled to be compensated for the fair market value of the services provided to and accepted by Defendants.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

Respectfully submitted,

Dated:  January 31, 2013

/s/ Daniel J. Ammon
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  dammon@dobbsneidle.com
MI Bar Number P50923
Attorney for Plaintiff

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520