## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DOBBS & NEIDLE, P.C.,
a Michigan Professional Corporation,

      Plaintiff,

v.                                                         Case No. 2:13-cv-10389

                                             Hon.   Marianne O. Battani

SOCIAL ASSETS, LLC, d/b/a KINETIC
SOCIAL, EPIC MEDIA GROUP, LLC, a Delaware
Limited Liability Company,
EPIC MEDIA GROUP, INC.,
a Delaware Corporation,
AZOOGLE.COM, INC., a Delaware
Corporation and AZOOGLEADS US, INC.,
a Delaware corporation, both d/b/a
AZOOGLEADS.COM, INC., and
DOES 1-10, jointly and severally,

      Defendants.

---

**DOBBS & NEIDLE, P.C.**
By: Gregory R. Neidle (P59273)
Daniel J. Ammon (P50923)
Attorney for Plaintiff
30150 Telegraph Road
Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Fax: (248) 723-9531

---

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 •  BINGHAM FARMS , MICHIGAN 48025  •  248-723-9520

### SECOND AMENDED COMPLAINT

      DOBBS & NEIDLE, P.C., by its attorneys, for its Second Amended Complaint against

the Defendants, Social Assets, LLC, d/b/a Kinetic Social, Epic Media Group, LLC, Epic Media

Group, Inc., Azoogle.Com, Inc., AzoogleadsUS, Inc. and Does 1-10, alleges as follows:

### PARTIES AND JURISDICTION

    1.  Dobbs & Neidle, P.C. is a Michigan professional corporation with its principal place of

business in the City of Bingham Farms, County of Oakland, State of Michigan.

2.   Upon information and belief, SOCIAL ASSETS, LLC is a Delaware Limited Liability Company, with its principal business address in New York, New York.

3.   Upon information and belief, Defendant, EPIC MEDIA GROUP, LLC is a Delaware Limited liability company with its principal office or place of business in New York, New York.

4.   Upon information and belief, Defendant, EPIC MEDIA GROUP, INC. is a Delaware corporation with its principal office or place of business in New York, New York.

5.   Upon information and belief, SOCIAL ASSETS, LLC is EPIC MEDIA GROUP, INC.'s successor.

6.   Upon information and belief, EPIC MEDIA GROUP, LLC is EPIC MEDIA GROUP, INC.'s successor.

7.   Upon information and belief, Defendant AZOOGLEADS US, INC., is a Delaware Corporation with its principal place of business in New York, New York.

8.   Upon information and belief, Defendant AZOOGLE.COM, INC., is a Delaware Corporation with its principal place of business in New York, New York and/or an Ontario, Canada corporation with its principal business address at 60 Columbia Way #310, Markham, Ontario L3R0C9, Canada.

9.   Upon information and belief, SOCIAL ASSETS, LLC, EPIC MEDIA GROUP, LLC and DOES 1-10 are EPIC MEDIA GROUP, INC.'s alter egos.

10. Upon information and belief, Social Assets LLC and Epic Media Group, LLC are a mere continuation and/or alter ego of Epic Media Group, Inc., and Epic Media Group, Inc. and Social Assets LLC and Epic Media Group, LLC collaborated in one or more fraudulent transfers of assets between Epic Media Group, Inc. and Social Assets or Epic Media Group, LLC for the purpose of preventing creditors, including Plaintiff, from collecting funds from Epic Media Group, Inc.  Consequently, Social Assets LLC and/or Epic Media Group, LLC are liable for monies owed by Epic Media Group, Inc. to Plaintiff.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

11. Plaintiff is also unaware of the true names and capacities of the defendants identified as Does 1-10 and therefore sue those defendants under fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is the alter ego of Epic Media Group, Inc., and is responsible for any fraudulent transfer of Epic Media Group, Inc.'s assets to Social Assets and/or Epic Media Group, LLC, and/or is itself the transferee of fraudulently transferred Epic Media Group, Inc.'s assets.

12. This Court has subject matter jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, because, as set forth more fully below, this is a civil action wherein the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states.

13. This Court has personal jurisdiction over the Defendants and venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (b) and (c).  A substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants regularly conduct business within this District and within the State of Michigan.

14. Defendants are also subject to the jurisdiction of this Court pursuant to Sections 600.711 and 600.715 of the Michigan Compiled Laws and 28 U.S.C. § 1367.

**ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff incorporates by reference paragraphs 1 through 14 above as if fully set forth herein.

16. On April 12, 2011, Quicken Loans, Inc. filed a lawsuit against Defendants in the United States District Court for the Eastern District of Michigan, Case No. 2:11-cv-11567 (the "lawsuit").

17. Defendants, EPIC MEDIA GROUP, INC.,  AZOOGLEADS US, INC. and

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

AZOOGLE.COM, INC. ("Defendants") retained Plaintiff and firm lawyers to provide legal services with regard to the lawsuit.

18. Throughout the course of the lawsuit, Defendants held out Plaintiff as its counsel; Plaintiff worked diligently and vigorously to represent Defendants and these Defendants benefited from Plaintiff's services.

19. Plaintiff has performed all services under their agreement and satisfied all conditions precedent to performance to Defendants.

20. These Defendants have failed and refused to perform under the agreement in that it has refused to honor the agreement by refusing and failing to pay the monies owed for all the services agreed upon.

**COUNT I**

**BREACH OF CONTRACT**

21. Plaintiff incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. Defendants contracted with Plaintiff law firm for legal services.

23. Plaintiff represented Defendants and Plaintiff has fully completed performance under the contract.

24. Plaintiff provided Defendants valuable legal services in the amount of $77,541.99, as of January 30. 2013. (**See Exhibit 1)**.

25. Defendants accepted valuable consideration in the form of legal services from Plaintiff with a fair market value of and a stated value of $77,541.99.

26. Defendants accepted total valuable consideration in the form of legal services from Plaintiff with a fair market value of and a stated value of $77,541.99.

27. Defendants have breached their obligation to Plaintiff by failing to pay for the total legal services rendered by Plaintiff.

4

28. As a result of Defendants' breach, Plaintiff has sustained damages in the amount of $77,541.99, plus interest, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT II

### ACTION ON ACCOUNT STATED

29. Plaintiff incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

30. Defendants contracted with Plaintiff law firm for legal services under which Defendants promised to pay for said legal services.

31. Plaintiff has completed its performance under the agreement and Plaintiff has rendered an account stated in the amount of $77,541.99, to Defendants, but Defendants have failed to pay the same.  (**See Exhibit 1**).

32. The amount due and owing is supported by the attached affidavit.  **(Exhibit 1).**

33. Defendants are indebted to Plaintiff pursuant to M.C.L. §438.31 for interest of five percent from the date of invoice.

34. Plaintiff has demanded payment of the sum due and owing, but Defendants have failed to pay.

35. As a result of Defendants' wrongful refusal to render payment on the account, Plaintiff has been damaged as set forth in the preceding paragraphs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

## COUNT III

## ACTION ON OPEN ACCOUNT

36. Plaintiff incorporates by reference paragraphs 1 through 35 above as if fully set forth herein.

37. Defendants contracted with Plaintiff law firm for legal services under which Defendants promised to pay for said legal services.

38. Plaintiff has completed its performance under the agreement and Defendants have incurred charges on its account totaling $77,541.99, but to date Defendants have failed and refused to pay for these services.

39. Defendants are indebted to Plaintiff pursuant to M.C.L. §438.31 for interest of five percent from the date of invoice.

40. There is presently due and owing to Plaintiff, over and above all legal counter-claims, the sum of $77,541.99, and Plaintiff has demanded payment of the sum due and owing, but Defendants have failed and refused to pay.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT IV

## UNJUST ENRICHMENT

41. Plaintiff incorporates by reference paragraphs 1 through 40 above as if fully set forth herein.

42. Plaintiff and Defendants entered into an agreement with Plaintiff to provide legal services.

43. Plaintiff has completed performance pursuant to this agreement.

44. Defendants have failed and refused to perform under said agreement in that

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

6

Defendants have refused to honor the parties' agreement by refusing to pay the monies owed for all the services agreed upon in the amount of $77,541.99.

45. It would be inequitable for Defendants to retain this benefit without compensating Plaintiff for the benefits received.

46. To avoid unjust enrichment, Plaintiff must be awarded damages in the amount of $77,541.99, exclusive of interest, costs and attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

### COUNT V

### PROMISSORY ESTOPPEL

47. Plaintiff incorporates by reference paragraphs 1 through 46 above as if fully set forth herein.

48. This count is presented by way of alternative pleading in the event that the Court finds that no express contract existed between the parties.

49. Defendants made an actual, clear and definite promise to pay Plaintiff for legal services rendered.

50. Defendants reasonably expected to induce action of a definite and substantial character on the part of Plaintiff.

51. Defendants in fact induced Plaintiff to provide the aforementioned services in reliance on Defendants' promises to pay for same.

52. Defendants have failed to properly compensate Plaintiff pursuant to the parties' agreement.

53. Defendants' promises must be enforced if injustice is to be avoided.

7

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT VI

## QUANTUM MERUIT/VALEBANT

54. Plaintiff incorporates by reference paragraphs 1 through 53 above as if fully set forth herein.

55. This count is presented by way of alternative pleading in the event that the Court finds that no express contract existed between the parties.

56. Defendants obtained legal services provided by Plaintiff and benefited from the actions and services of Plaintiff as more fully set forth above.

57. Defendants have failed to compensate Plaintiff for the aforementioned services.

58. Under the theory of quantum meruit and quantum valebant, Plaintiff is entitled to be compensated for the fair market value of the services provided to and accepted by Defendants.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendants, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

## COUNT VII

## SUCCESSOR LIABILITY

## (Against Social Assets, LLC)

59. Plaintiff incorporates by reference paragraphs 1 through 58 above as if fully set forth herein.

60. Social Assets is a successor to Epic Media Group, Inc.

61. Epic Media Group, Inc. has committed the above against Plaintiff as alleged herein.

8

62. Social Assets is liable for Epic Media Group, Inc.'s debt because Social Assets is a mere continuation of Epic Media Group, Inc., or in the alternative, the transaction in which Epic Media Group, Inc. transferred assets to Social Assets was entered into fraudulently to escape Epic Media Group, Inc.'s liability to Plaintiff.

63. Therefore, Social Assets is liable as a successor.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, Social Assets, LLC, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

**COUNT VIII**

**SUCCESSOR LIABILITY**

**(Against Epic Media Group, LLC)**

64. Plaintiff incorporates by reference paragraphs 1 through 63 above as if fully set forth herein.

65. Epic Media Group, LLC, is a successor to Epic Media Group, Inc.

66. Epic Media Group, Inc. has committed the above against Plaintiff as alleged herein.

67. Epic Media Group, LLC is liable for Epic Media Group, Inc.'s debt because Epic Media Group, LLC is a mere continuation of Epic Media Group, Inc., or in the alternative, the transaction in which Epic Media Group, Inc. transferred assets to Epic Media Group, LLC was entered into fraudulently to escape Epic Media Group, Inc.'s liability to Plaintiff.

68. Therefore, Epic Media Group, LLC is liable as a successor.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, Epic Media Group, LLC, in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

### Count IX

### ALTER EGO LIABILITY

### (Against Defendants Epic Media Group, LLC, Social Assets, LLC, and Does 1–10)

69. Plaintiff incorporates by reference paragraphs 1 through 68 above as if fully set forth herein.

70.  Social Assets and Does 1–10 control Epic Media Group, Inc. to such a degree that Epic has become a mere instrumentality for Epic Media Group, LLC, Social Assets and/or Does 1–10.

71. Epic Media Group, LLC, Social Assets and Does 1–10 have committed fraud through Epic Media Group, Inc. by transferring assets and corporate opportunities away from Epic Media Group, Inc. at a time when Epic Media Group, Inc. was undercapitalized in an attempt to defraud Epic Media Group, Inc.'s creditors.

72. Epic Media Group, LLC, Social Assets and Does 1–10 have thereby caused unjust loss or injury to Plaintiff.

73. Therefore, Epic Media Group, LLC, Social Assets and Does 1–10 are alter egos of Epic Media Group, Inc. and are liable for Epic Media Group, Inc. to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, Epic Media Group, LLC, Social Assets, LLC, and Does 1–10 in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

### Count X

### FRAUDULENT TRANSFER

### (Against Defendants Epic Media Group, LLC, Social Assets, LLC, and Does 1–10)

74. Plaintiff incorporates by reference paragraphs 1 through 73 above as if fully set forth herein.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 •  248-723-9520

10

75. Epic Media Group, Inc. has transferred and is continuing to transfer assets to Epic Media Group, LLC and/or Social Assets and/or Does 1–10.

76. Those transfers were and are fraudulent under 6 Del. C. § 1304(a)(1) because they were made with the actual intent to hinder, delay, or defraud Plaintiff and other creditors of Epic Media Group, Inc.

77. That actual intent is demonstrated by, without limitation, the following factors: (1) Epic Media Group, Inc.'s transfers to Epic Media Group, LLC, Social Assets and Does 1–10 were to insiders, namely the former executive management of Epic Media Group, Inc.; (2) the transfers were concealed; (3) shortly before the transfers was made, Epic Media Group, Inc. had outstanding monetary obligations to Plaintiff;  (4) the consideration Epic Media Group, Inc. received for the transfers was not reasonably equivalent to the value of the assets transferred to Social Assets and Does 1–10; (5) Epic Media Group, Inc. was insolvent either before or shortly after the transfers were made; and (6) the transfers were made either shortly before or shortly after a substantial debt was incurred by Epic Media Group, Inc.

78. Additionally those transfers were and are fraudulent under 6 Del. C. § 1304(a)(2)(a) because Epic Media Group, Inc. made the transfers without receiving a reasonably equivalent value in exchange for the transfer, and Epic Media Group, Inc. was engaged in business for which Epic Media Group, Inc.'s remaining assets were unreasonably small in relation to that business.

79. Additionally those transfers were and are fraudulent under 6 Del. C. § 1304(a)(2)(b) because Epic Media Group, Inc. made the transfers without receiving a reasonably equivalent value in exchange for the transfer, and Epic Media Group, Inc. intended to occur, or believed or reasonably should have believed that it would incur, debts beyond Epic Media Group, Inc.'s ability to pay those debts as they became due.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award a judgment against Defendant, Epic Media Group, LLC, Social Assets, LLC, and Does 1–10 in favor of Plaintiff, DOBBS & NEIDLE, P.C., in the amount of $77,541.99, plus interest, costs, and attorneys' fees.

Respectfully submitted,


Dated:  February 8, 2013                       /s/ Daniel J. Ammon
                                               DOBBS & NEIDLE, PC
                                               30150 Telegraph Road, Suite 410
                                               Bingham Farms, MI 48025
                                               Phone:  (248) 723-9511
                                               Email:  dammon@dobbsneidle.com
                                               MI Bar Number P50923
                                               Attorney for Plaintiff

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  ●  BINGHAM FARMS , MICHIGAN 48025  ●  248-723-9520